## HATTIE DISNEY, et al. v. ELLA FOUST.

Eastern Section. December 18, 1926.

No petition for Certiorari was filed.

**Partition.** Chancellor's decree in partition will not be disturbed where there is evidence to support it.

In an action contesting a partition where all of the parties had agreed to have certain commissioners partition their lands and defendant, after partition was made objected and refused to execute a deed to the other tracts of lands, alleging that she had been given a tract of less value than the others, **held** that the evidence was sufficient to justify the decree of the Chancellor, although a majority in number of the witnesses testified contrary to his findings.

Appeal from Chancery Court, Anderson County; Hon. J. H. Wallace, Chancellor.

Affirmed and remanded.

J. B. Burnett, of Clinton, for appellant.

J. H. Underwood, of Clinton, for appellee.

SNODGRASS, J. The bill in this cause was filed to affirm and ratify the partition of three certain tracts of land described in the bill

that had been made by the four owners through the agents or commissioners whom they had selected to make such partition, carrying into effect also in the allotment to complainant an alleged agreed award of $200 due the two daughters of said complainant for services rendered the grandfather during his lifetime. It was asked that in the event the said partition that had been made could not be carried out, then, under the allegation that the land was susceptible of advantageous partition, that the same might be had under independent right. It was alleged also, that in conformity with the agreement had, to formally carry into execution the partition, deeds were to be executed, which had been done, with the exception that the defendant, Ella Foust had failed and refused to sign and acknowledge the deed to complainant, Mrs. Disney, though having agreed to do so even a second time, upon a division of the personal property that was had.

An answer was filed by the defendant, Ella Foust, practically admitting the partition under the agreement which the bill alleged, but disavowing same upon the alleged reason that she had not been treated fairly by the agreed commissioners in the allotment, claiming that the portions assigned the other heirs were of more value, and also claiming an improper division of the personal property. She denied that there had been an agreement to compensate the two daughters of the complainant, claiming that they had received more than enough to compensate them in the lifetime of their grandfather. This answer was filed as a cross-bill, in which this cross-complainant maintained that the land was not susceptible of advantageous partition, and she sought therein to sell the same for division.

Proof was taken and the Chancellor ratified the partition that had been made, divesting the title out of the respondent and cross-complainant Ella Foust to the lands that had been allotted to original complainant, Mrs. Disney, and vesting the same in her, directing the excution of a deed therefor by the Clerk and Master, and the delivery of the deeds that had been executed as to the other parties, carrying into effect the partition, and dividing the cost equally between complainant on the one hand and Ella Foust on the other.

The defendant Ella Foust excepted to the decree, prayed, obtained and perfected an appeal to this court, and has made assignments of error, as follows:

"The court erred when it held that the division made by J. C. Johnson, et al. was equal and binding upon all the heirs in this cause. The proof clearly shows as we insist that said land was not equally divided among the heirs and have shown the fact by ten disinterested witnesses. The defendant, Ella Foust, the cross-complainant, insists that this land was not equally divided by

J. C. Johnson, et al. and that said land was under her answer and cross-bill to the bill of complainants should be sold for partition and the money arising from the sale of said lands divided among the heirs of the said G. W. Lovely, deceased, according to their respective interests. The cross-complainants earnestly insists that the decree of the Honorable Chancellor in this cause should be reversed and set aside and that said land should be sold for partition and the money arising therefrom divided among the heirs.''

The Chancellor has embodied his findings in the decree, as follows:

''This cause came on to be heard this the 1st day of February, 1926, before the Hon. J. H. Wallace, Chancellor, upon the bill of complainant, answer and cross-bill and the entire record, from all of which it appears to the court that G. W. Loveday died intestate in Anderson county, Tennessee, on April 11, 1925, and that at his death he was the owner in fee of three tracts of land in the fifth district of Anderson county, Tennessee, and fully described in paragraph one of the bill of the complainant. That the said G. W. Lovely's lands, descended upon his death to his four children to-wit: Hattie Disney, Maggie Webb, John E. Lovely and Ella Foust, and that they each inherited an undivided one-fourth of said lands.

''That the said children and only heirs of G. W. Lovely sometime after his death agreed among themselves to select and did select J. C. Johnson, Jake Queener, Ben Messengale and C. E. Messengale as commissioners to make partition in kind of said lands among the four owners thereof; and the said men accepted said appointment and went upon the said lands and partitioned them into four tracts of practically the same value, had a surveyor to run out the lines dividing the said tracts, had deeds drafted conveying to each of the four owners thereof a tract in value of practically one-fourth of all the said lands, and the owners of the said lands accepted the partition as made by said commissioners and each agreed to sign and deliver a deed to each of the other parties conveying to him or her his interest in and to the said tracts of land as divided by said commissioners and the said owners of said lands went before a notary public for the purpose of acknowledging the said deeds as so drawn and all four of said owners did sign and acknowledge said deeds, except the defendant, Ella Foust, failed and refused to sign the deed conveying to the complainant Hattie Disney, her part of said lands, but the said Ella Foust intended to sign and acknowledge said deed, but the notary public handed her the deed conveying to her her part of said lands, and she thinking it was the

deed to the said Hattie Disney, signed it with the intention and purpose of signing the deed to the said Hattie Disney. And later it was learned that the said Ella Foust had signed the wrong deed, and when requested by the said Hattie Disney to sign and acknowledge her deed, she refused to do so, but promised that if she should be given her part of the personal estate of her father she would sign said deed; that she was afterwards given her part of said property, and again refused to sign the deed to Hattie Disney, and attempted to repudiate the said partition, and claimed an interest in all of the lands of her father. And it further appearing to the court that the lands of the said G. W. Lovely which descended to his children as aforesaid, were so situated that partition in kind could be equitably made among the owners thereof, and that the partition made by the men selected by the owners thereof to partition said land was a fair and equitable partition of the said lands among the owners thereof; and that in the partition of the said lands by the men selected by the owners thereof as above set out was, in effect, a parole partition of said lands and was valid and binding on the owners thereof as tenants in common.

"It is so ordered, adjudged and decreed by the court.

"And it further appearing to the court that the deeds executed by the parties hereto, conveying to each other his or her tract of land as partitioned are on file in this case, it is ordered by the court that said deeds be delivered by the Clerk and Master of the court to the respective grantees of said deeds.

"And it further appearing to the court that the defendant, Ella Foust has failed and refused to sign the deed to the complainant, Hattie Disney, it is therefore ordered, adjudged and decreed by the court that all the right, title and interest of the defendant Ella Foust in and to the tract of land laid off by said men to the complainant, Hattie Disney, and a deed for which has been signed by Maggie Webb and John E. Lovely, and vested in the said Hattie Disney, The said tract is described as follows:

"Situated in District No. 5 of Anderson county, Tennessee and bounded and described as follows: Beginning on a spruce pine on the southwest bank of Coal Creek John C. Disney's old corner, thence crossing the creek to Mrs. Luallen's line, thence with her line to the Coal Creek and Andersonville road, then with said road in the direction of Coal Creek to a walnut on the north side of said road a corner of lot No. 2, then with the line between lots Nos. 1 and 2, north five and one-half degrees east twenty-seven poles and twelve links to a stake in the road leading from Lovely's mill in the direction of Charley Foust's; then north twenty-four degrees west sixty-two poles seventeen links

to a white oak on the west side of the public road; then with said road in a northerly direction to a sweet gum a corner of lot No. 3; then with the line between lots Nos. 1 and 3, north forty-eight degrees west twenty-four poles and thirteen links to a beach in a hollow; then up and with said hollow as follows: south sixty-eight degrees west fourteen poles five links; south eighty-six degrees west twelve poles and twelve links; south seventy-three and one-fourth degrees west 1818 poles; south forty-six and one-half degrees west twelve poles and nine links to a small ash with dogwood pointers; then south seventeen degrees east five poles and twenty-one links to a stake; then south nine and three-fourths degrees east nine poles and eleven links to at chestnut oak; then south seventy-two degrees west seventy-one poles and twelve links to a stake in the Webb branch, then down and with said branch to Coal creek; then down and with said creek so as to include all the rights and easements owned by G. W. Lovely deceased, on the west bank of said creek for mill dam and pond overflow, and on down said creek to the beginning, containing seventy-five acres more or less.

"There is also conveyed the perpetual right to water out of a spring located on lot No. 3 from which spring a pipe line is now in operation together with the right of way for said pipe line and all necessary easements and restrictions to maintain the purity of said spring and to keep said pipe line in repair or to rebuild if necessary. But there is excepted and reserved from the conveyance the road leading from the Lovely mill in the direction of Charley Fousts over and across said premises which road shall be for the use and benefit of the owner of lots Nos. 1 and 2.

"The Clerk and Master will execute and deliver to the said Hattie Disney a deed conveying to her all the right, title and interest the said Ella Foust has or may have in and to the said tract of land, she paying the fees therefor.

"The complainant will pay one-half of the costs of the cause, the defendant, Ella Foust, will pay the other half of the costs, for which execution will issue."

We have examined the record and fully concur in the findings of the Chancellor, and approve his decree in all respects. It is true that a number of witnesses, being a majority in excess of the four who critically examined the land for the purpose of evening up values and making a just award, say that the portion assigned to Mrs. Foust is of less value than that assigned to others, especially Mrs. Disney, but this is the result we think of a less informed and less critical estimate than that employed by the four agreed commissioners, who spent some four days upon the land in an honest endeavor to divide

the same in a just and equitable award, and in conformity also with what had been the expressed wish of the father that portions assigned the children should be next to other lands owned by them, obviously desirable in every way, and which was met by these agreed commissioners in the awards to the daughters, Mrs. Disney and Mrs. Foust. We think the reason for a disparity of opinion as to the value of that given to Mrs. Disney and Mrs. Foust by the witnesses of the defendant and cross-complainant was due mainly to an exaggerated estimate on their part of the value of a millsite and the buildings shown to be upon the portion assigned to Mrs. Disney. The son, John, said the earning capacity of the mill was not sufficient to pay for the time necessarily employed in looking after it, while the buildings were not of any great value. The four men who made the award were honest, capable men, who testify as to the practical equality of values, after the discharge of a duty which they took upon themselves to examine and ascertain. The integrity of their purpose or action was not questioned in any way and cannot, we think, be challenged upon a mere opinion of others that they placed a too high or too low an estimate upon this or that portion. We think it appears that the dissatisfaction of Mrs. Foust was captious and vacillating. At any rate the decree expresses the opinion of the Chancellor upon the evidence and his action thereon, that the land was not only susceptible of advantageous partition, which established the right thereto, but that a fair and equitable partition had been made, which he approved as proper.

The assignment of error is overruled, the decree of the Chancellor affirmed, and the cause remanded that it may be executed. The costs in this cause will be divided as decreed by the Chancellor below, the judgment against appellant being against her and her securities on the appeal bond for her portion thereof.

Portrum and Thompson, JJ., concur.